**In re P. C. WHITE TRUCK LINE, INC., Debtor.**

**Bankruptcy No. 79–11044.**

United States Bankruptcy Court, M. D. Alabama.

June 7, 1982.

G. M. Harrison, Dothan, Ala., for Trustee.

ORDER ON OBJECTION TO THE CLAIM OF CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND

ORDER ON OBJECTION TO THE CLAIM OF CENTRAL STATES SOUTHEAST AND SOUTHWEST AREAS PENSION FUND

RODNEY R. STEELE, Bankruptcy Judge.

On February 23, 1982, the trustee filed objections to the claims of Central States Southeast and Southwest Areas Health and Welfare Fund, and another objection to the claim of Central States Southeast and Southwest Areas Pension Fund. These two objections to claims were by an Order entered on February 25, 1982, set to be heard at Dothan, Alabama on April 14, 1982. Notice was supplied to the trustee and his attorney, and to the attorney for the Health and Welfare Fund and the Pension Fund.

The matter was thereafter continued, and taken up on May 12, 1982, at Dothan.

At that time and place, the attorney for the trustee and the attorney for the Funds agreed to the amounts involved, and presented arguments relating to the application of the Bankruptcy Code priority sections, particularly Section 507(a)(3), and Section 507(a)(4) of Title 11, U. S. Code.

Based upon such representations, and the arguments made in Court, the Court reaches the following conclusions:

Section 507 of Title 11, U. S. Code provides:

(a) The following expenses and claims have priority in the following order . . .

4. Fourth, allowed unsecured claims for contributions to employee benefit plans (A) arising from services rendered within 180 days before the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

(B) For each such plan to the extent of—(i) the number of employees covered by such plan multiplied by 2,000; less

(ii) the aggregate amount paid to such employees under paragraph (3) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

This priority section, difficult to apply in practice, is about a limitation upon the amount which may be paid to employee benefit plans. The limitations are:

1. One hundred eighty days before the filing of the petition;

2. The number of employees covered by such plan, multiplied by 2000.

Adjustments are then made to the second condition above, by reducing it by the amount of priority wage claims paid under paragraph (3) of the priority section. It is further reduced by "the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan." This section 507(a)(4) is also tied to aggregating amounts. It is not tied to the individual employees in the amounts paid them. It is a grossing out limitation.

There is no question in this case about the gross amounts which trustee will be required to pay as priority claims to these two employee benefit plans. It is agreed that the amounts which are due to be paid for the period May 20, 1979, through November 17, 1979 (the 180 days), is $40,698.20 for the Health and Welfare Fund, and $49,147.90 for the Pension Fund.

Nor is there any question about the number of employees covered by the Plan. The exhibits to the objection to claim show that there were 47 employees covered by the plan, and that figure, multiplied by $2,000 yields a gross limitation of $94,000 for each plan. The language is clear under Subsection (B) that the computation must be made as to each plan.

This gross limitation of $94,000 is to be reduced by two things: (1) the aggregate amount paid to such employees under Paragraph (3), and (2) the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

In this case, it is also established without any question that eleven employees were paid under Subparagraph (3) an aggregate amount of $9,289.94.

In addition, these eleven employees are to have paid out of the estate for them as follows: On the Health and Welfare Fund, an aggregate amount (at $871 per employee) of $9,581; on the Pension Plan, an aggregate amount (at $1,066 per employee) of $11,726.

If the amount to be paid from this estate as a priority claim under the Pension Plan for these eleven employees is added to the $9,289.94, deductible from the limitation in the Health and Welfare Plan, the sum of $21,015.94 is realized, which subtracted from the $94,000 gross limitation, leaves a net limitation of $72,984.06. The Health and Welfare priority claim is $40,698.20, which is not in excess of the limitation of $72,984.06, and is therefore due to be allowed in full as a priority claim.

If the amount to be paid for these eleven employees under the Health and Welfare Plan, in the amount of $9,581, is added to the $9,289.94 paid under 507(a)(3), the result is $18,870.94. This amount, deducted from the gross limitation of $94,000 yields a net limitation of $75,129.06. The priority claim for the Pension Fund of $49,147.90 does not exceed this net limitation, and is therefore due to be allowed in full as a priority claim.

The conclusion must be, finally, that the priority claim in the amounts above are due to be allowed in these proceedings as priority claims, and it is therefore

ORDERED:

1. The claim of Central States Southeast and Southwest Areas Health and Welfare Fund is hereby allowed as a priority claim in the amount of $40,698.20, under Section 507(a)(4) of Title 11, U. S. Code, and the balance of that claim in the amount of $38,470.50 is allowed as an unsecured claim only.

2. The claim of Central States Southeast and Southwest Areas Pension Fund is hereby allowed as a priority claim under Section 507(a)(4) of Title 11, U. S. Code, in the amount of $49,147.90. The balance of such claim in the amount of $23,490 is allowed as an unsecured claim only in these proceedings.