**In the Matter of C & S CARTAGE & LEASING COMPANY, Debtor.**

Bankruptcy No. BK96–80609.

United States Bankruptcy Court, D. Nebraska.

Dec. 19, 1996.

Stalnaker, Thomas, Trustee.

Michael J. Finn, pro se.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Hearing was held on December 16, 1996, on Objection to Claim of Michael J. Finn and Resistance thereto. Appearances: Thomas D. Stalnaker, Trustee, and Michael J. Finn, pro se. This memorandum contains findings of fact and conclusions of law required by Fed.Bankr.R. 7052 and Fed.R.Civ.P. 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

### Background

C & S Cartage & Leasing Co., the debtor herein, filed its Chapter 7 petition on March 25, 1996. On October 22, 1996, the Chapter 7 Trustee filed an objection to the claim of Michael Finn (Claim No. 22). Finn filed a resistance to the objection November 12, 1996, and a hearing was held on December 16, 1996.

At the hearing, the issue presented was whether Finn was entitled to a $755.00 priority claim under 11 U.S.C. § 507(a)(4) for a contribution to his 401(k) plan after having a maximum $4,000 priority wage claim allowed under 11 U.S.C. § 507(a)(3).

### Decision

A debtor is not limited to a total maximum priority claim of $4,000 under both § 507(a)(3) and (a)(4). Therefore, to the extent that the Trustee based his objection to Finn's claim on the fact that Finn had already received a maximum amount of $4,000 under § 507(a)(3) and was not entitled to any further priority under § 507(a)(4), the Trustee's objection is overruled.

## Discussion

At the hearing, the Trustee argued that once an employee had received the statutory maximum $4,000 priority claim under § 507(a)(3), the employee was not entitled to additional priority sums under § 507(a)(4) because of the limitation provided in § 507(a)(4)(B). Section 507(a)(4) provides as follows:

(a) The following expenses and claims have priority in the following order:

.    .    .    .    .

(4) Fourth, allowed unsecured claims for contributions to an employee benefit plan—

(A) arising from services rendered within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first; but only

(B) for each such plan, to the extent of—

(i) the number of employees covered by each such plan multiplied by $4,000; less

(ii) the aggregate amount paid to such employees under paragraph (3) of this subsection, plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan.

11 U.S.C. § 507(a)(4).

■ There are two observations to be made about the application of this section and the limitation contained within it. First, the section is tied to aggregating amounts, not to the amounts paid to individual employees. *In re Edgar B, Inc.*, 200 B.R. 119 (M.D.N.C.1996); *In re P.C. White Truck Line, Inc.*, 22 B.R. 540 (Bankr.M.D.Ala.1982). Second, the limitation contained in § 507(a)(4)(B) does not limit an individual employee to any specific amount as does § 507(a)(3) and § 507(a)(5), but rather the limitation on the amounts paid under § 507(a)(4) is on the aggregate sums that may be paid out to all of the employee benefit claims. *See* 11 U.S.C. § 507(a)(3) ("only to the extent of $4,000 *for each individual or corporation*") (emphasis supplied); 11 U.S.C. § 507(a)(5) ("only to the extent of $4,000 *for each such individual*") (emphasis supplied).

In *Edgar B,* a Chapter 7 Trustee sought permission to pay the full employee benefit claims filed under § 507(a)(4). There were sixty-six employees covered under the benefit plan at issue, providing a potential of $264,000 allowable under § 507(a)(4). (66 employees multiplied by $4,000.) The employee wage claims were in an amount no greater than $15,000. Therefore, the revised maximum amount payable under § 507(a)(4) was approximately $249,000. ($264,000—$15,000.) The total amount of the employee benefit claims was in the amount of $34,045.27, significantly less than the maximum amount payable. *Id.* at 120. However, two of the individual claims were for an amount in excess of $4,000. The bankruptcy court eventually held that no employee could receive priority in excess of $4,000 for wages and employee benefits. *Id.* at 121.

On appeal, the district court reversed the bankruptcy court, holding that

a calculation of the aggregate amount available for payment of employee benefit plan claims is not further limited by the $4,000 wage priority which may be available to individual employees pursuant to § 507(a)(3) ... [T]o the extent that an individual employee has a claim for the maximum wage priority pursuant to § 507(a)(3), the payment of any amount to that individual employee does not serve as a further limitation of any claim that the individual employee may have for employee benefits pursuant to § 507(a)(4).

*Id.* at 124.

■ In the C & S Cartage case, the Trustee has objected to Finn's employee benefit claim of $755.00 on the basis that he had already been allowed the statutory maximum of $4,000 under § 507(a)(3) for his wage claim. However, the monetary limitation of § 507(a)(3) is not a further limitation on a claim for employee benefits under § 507(a)(4), and on that basis the Trustee's objection is overruled.

Separate journal entry to be filed.